| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | FILE NO: 21 CVS 8116 |

| | |
|---|---|
| CARVANA. LLC DBA CARVANA,<br>　　　　　　　Petitioner,<br><br>　　v.<br><br>THE NORTH CAROLINA DIVISION<br>OF MOTOR VEHICLES and THE<br>HONORABLE TORRE JESSUP,<br>COMMISSIONER OF MOTOR<br>VEHICLES,<br>　　　　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)   **SETTLEMENT AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

NOW COMES the Petitioner and Respondents, and hereby agree to the entry of the following Settlement Agreement (hereinafter Agreement). In support of said Agreement, the parties would agree as follows:

1. The North Carolina Division of Motor Vehicles (hereinafter Respondent Division) issued a Motor Vehicle Dealer License (hereinafter Dealer License) to Carvana LLC d/b/a Carvana (hereinafter Petitioner) to operate a motor vehicle dealership in Wake County. Petitioner's Motor Vehicle Dealer License number is #77148. Torre Jessup (hereafter Respondent Jessup) is the Commissioner of the Respondent Division. (Hereinafter Respondent Division and Respondent Jessup shall collectively be referred to as Respondents.)

2. Respondents issued an Affidavit of Facts asserting that Petitioner violated the motor vehicle dealer licensing laws in this State. Petitioner was noticed for an administrative hearing on those alleged violations.

3. On 20 May 2021, an administrative hearing was held by Respondent

Division to determine if Petitioner violated the provisions of Chapter 20 of the North Carolina General Statutes, and if so, whether Petitioner's Dealer License was subject to suspension or revocation.

4. On or about 10 June May 2021, Respondents served an administrative Decision on Petitioner finding that Petitioner committed two Type I violations and one Type II violation. Specifically, Respondent found a Type I violation under N.C.G.S. §§ 20-294(2) and(11) based on Petitioner's failure to timely deliver title work to Respondent Division as required by N.C.G.S. § 20-75; a Type I violation under N.C.G.S. § 20-294(6) for an unfair method of competition or unfair deceptive act or practice for issuing an out-of-state temporary tags/plates for a vehicle sold to a North Carolina resident; and one Type II violation under N.C.G.S. §§ 20-294(2) and (6) by offering a motor vehicle for sale without a North Carolina State Inspection as required by N.C.G.S. § 20-183.4C. Based on these violations, Respondent Division revoked Petitioner's Dealer License and entered a civil penalty of $500.00. Petitioner was also ordered to pay the required $200.00 administrative hearing fee.

5. On 11 June 2021, Petitioner filed a Petition for Judicial Review in Wake County Superior Court. Upon consent of the parties, a temporary restraining Order was entered and twice extended by the Court.

6. Upon agreement of the parties, Respondent Division shall suspend Petitioner's Dealer License #77148 for a period of 180 days. This suspension shall begin on 2 August 2021 and end on 29 January 2021.

7. The parties agree that on 2 August 2021, Petitioner shall surrender

Petitioner's Dealer License #77148 to Respondent Division and return dealer plates, thirty day plates/temporary markers, and any other documents/materials issued to Petitioner by Respondent Division under Dealer License #77148. Any dealer plate and/or thirty day plate/temporary marker that is not returned or which is not reported lost or stolen will be cancelled by Respondent.

8. Under this Agreement, Petitioner agrees that during the term of the suspension it shall cease activities under Dealer License #77148 and shall cease any and all activities at its physical location on Navaho Drive in Raleigh, North Carolina, which require a motor vehicle Dealer and/or Salesman License. These activities under Dealer License #77148 and/or at the physical location shall include, but are not limited to, the sale or attempted sale of a motor vehicle, delivery of a motor vehicle sold by Petitioner, advertising any motor vehicles for sale, wholesale buying/selling of motor vehicles, use by Petitioner or allowed use by another party of any dealer plate previously issued to Petitioner which was not surrendered to Respondent Division, issuance of any thirty days plates/temporary markers previously issued to Petitioner which were not surrendered to Respondent Division, and any activities involving registration or attempted registration of a motor vehicle sold by Petitioner after 2 August 2021. Any motor vehicle inventory of Petitioner located at Petitioner's place of business on Navaho Drive in Raleigh, North Carolina during the suspension period shall be clearly marked "Not For Sale." The parties agree that employees of the Petitioner's dealership located on Navaho Drive in Raleigh, North Carolina may process titling and vehicle registration paperwork provided from the Petitioner's three other dealerships licensed in this State for motor vehicles

previously sold and delivered to the purchaser by those three other dealerships. These activities shall be completed under the other applicable dealership's license; do not involve contact with the purchaser(s)/general public; do not involve any possession of the motor vehicle involved in the sale; and are merely clerical work on processing the titling and registration paperwork for otherwise completed motor vehicle sales for the other three licensed dealerships. This clerical work may be conducted at the Petitioner's place of business on Navaho Drive, Raleigh, North Carolina.

9. Under this Agreement, following the completion of the term of suspension, Petitioner may be eligible for the return of its Dealer License for the location on Navaho Drive in Raleigh, North Carolina, dealer plates, and temporary plates/markers if Petitioner is otherwise eligible for the return of such times under the General Statutes and the Administrative Code.

10. Under this Agreement, if the below conditions are met, Respondent shall not initiate any administrative action against Petitioner's Dealer License #77148 or any of the three other Carvana dealerships located in this State (Charlotte (Dealer License #77992), Concord (Dealer License #79306), and Greensboro (Dealer License #78561)) for the three specific types of violations committed in this matter, specifically, violation for failure to deliver title application, violation for an unfair method of competition or unfair deceptive act or practice for issuing an out-of-state temporary for a vehicle sold to a North Carolina resident, and/or a violation for State Inspection for acts prior to 16 July 2021 and/or motor vehicle sales prior to 16 July 2021. The agreement to not take administrative action is conditioned upon Petitioner conducting a review of the

motor vehicle sales at all four dealerships in this State to ensure that the titling and/or registration requirements of this State are complied with for motor vehicle sales prior to 16 July 2021. If possible violations or deficiencies are detected in Petitioner's completion of the titling or registration process of motor vehicles sold by Petitioner, Petitioner shall take action to remedy such violations/deficiencies. Additionally, if Respondent Division discovers and/or is informed of possible violations/deficiencies and/or that action is needed by Petitioner as to the completion of the titling or registration process of motor vehicles sold by Petitioner, Respondent Division shall inform Petitioner of such alleged violations/deficiencies and Petitioner shall have ten days to remedy the alleged violation. Respondent Division may notice Petitioner of such violations/deficiencies either in-person at the applicable dealership, by electronic mail to legal@carvana.com, by telephone, or by letter. Respondent Division shall attempt to notice Petitioner at the above-named electronic mail address of any violations/deficiencies, but failure to do such will not constitute insufficient notice to Petitioner if other notice, as described above, has been provided. Failure of Petitioner to remedy an alleged violation may warrant administrative action against the applicable Dealer License number for that dealership that has failed to remedy the alleged violation. Besides the three specifically listed types of violations in this matter, this Agreement does not cover any other type of alleged violations under N.C.G.S. § 20-294 by any of the four dealerships in this State regardless of when that alleged violations may have occurred. If other types of violations occur at any of the four dealerships, Petitioner may face administrative

action by Respondent. Furthermore, this Agreement does not cover any type of violation under N.C.G.S. § 20-294 alleged to have been committed after 16 July 2021 for any of Petitioner's dealerships located in this State. Any type of alleged violation committed after 16 July 2021 may lead to administrative action by Respondent Division.

11. Under this Agreement, Respondents shall not proceed with the administrative action against Petitioner's Dealers License #77148 for the matter scheduled for 22 July 2021.

12. Petitioner agrees that all dealerships located in this State Petitioner shall follow the North Carolina General Statutes, North Carolina Administrative Code, and the Motor Vehicle Dealer and Manufacturer Regulation Manual in the sale and/or delivery of a motor vehicle to a resident of this State. For the purpose of this Agreement, delivery shall include either direct delivery to a buyer at a designated location and/or delivery of a motor vehicle at the Petitioner's dealerships located in this State. Petitioner specifically agrees that it will no longer issue out-of-state temporary tags/plates for motor vehicles sold and/or delivered to North Carolina residents wherein the buyer seeks to title and/or register the motor vehicle in this State. Petitioner agrees that any motor vehicle sold to a North Carolina resident shall receive a required North Carolina State Inspection before the motor vehicle is delivered in this State. Petitioner further agrees to timely process title and registration documents as required under North Carolina Statutes for motor vehicles sold to and/or delivered to North Carolina residents who seek to title and/or register that motor vehicle in this State.

13. The parties agree that if it is discovered that Petitioner violates any provisions of the motor vehicle dealer licensing law during the suspension of its Dealer license and/or violates any term of this Agreement, Respondents may take immediate administrative action, including but not limited to, revoking Petitioner's Dealer License #77148 upon a five-day notice of cancellation of this Settlement Agreement and/or not reinstating Petitioner's Dealers License. Separate and apart from any cancellation of this Agreement, the applicable dealership of Petitioner may also face administrative action for any violations committed contrary to the General Statutes and Administrative Code.

14. Under the General Statutes, Respondent Division can conduct audits of the motor vehicle dealer activities of any licensed motor vehicle dealership in this State. Petitioner is aware that Respondent Division may increase audits of Petitioner's dealerships in this State to ensure compliance with the terms of this Agreement and the General Statutes.

15. Petitioner shall pay the civil penalty of $500.00 and administrative hearing fee of $200.00 within 10 days of the latest signature on this Agreement.

16. Petitioner shall dismiss this action within 5 calendar days of the latest signature on this Agreement.

17. The parties agree that each side is responsible for their own attorneys' fees and costs incurred in this appeal of the administrative proceedings and/or any other events involved with this administrative Decision.

18. This Agreement constitutes the sole and entire agreement between the

parties regarding the subject matter contained herein, and supersedes any and all prior discussions, negotiations, agreements and understandings related thereto, and the parties make no representations or warranties other than those contained in the Agreement itself.  This Agreement contains no agreement or understanding as to any existing or potential civil and/or criminal actions by or on behalf of the State of North Carolina, including but not limited to any State Agency, Department, or Division.

19.     This Agreement shall be binding on the current parties as well their successors, assigns, appointees, designees, partners, agents, and subordinates.

20.     This Agreement may be executed in multiple counterparts, each of which shall be deemed to constitute an original, and which will be joined to constitute a single binding agreement, with a copy thereof to be distributed to each party.  The parties agree that electronic, scanned, photocopied, or faxed signatures shall have the same effect as original "wet" signatures, and this Agreement shall become effective when executed by all parties.

WITNESS our hands and seals this day.

| _____ (seal) | 7/21/21 | _____ (seal) 7/21/21 | |
|---|---|---|---|
| Paul Breaux | Date | Martin R. Jernigan | Date |
| General Counsel | | Attorney-at-Law | |
| On behalf of Carvana LLC d/b/a Carvana | | Dickie, McCamey & Chilcote, PC | |
| **Petitioner** | | **Counsel for Petitioner** | |

| _____ (seal) | 7/23/2021 | Christopher W. Brooks _____ (seal) 7/21/2021 | |
|---|---|---|---|
| Torre J Jessup | Date | Christopher W. Brooks | Date |
| Commissioner | | Special Deputy Attorney General | |
| N.C. Division of Motor Vehicles | | North Carolina Department of Justice | |
| **Respondents** | | **Counsel for Respondents** | |

8

Settlement Agreement for <u>Carvana v. DMV/Jessup</u> (Wake 21 CVS 8116)