IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION AT ST. LOUIS

| | |
|---|---|
| BRIDGECREST ACCEPTANCE CORPORATION, an Arizona Corporation, <br><br>  Plaintiff/Counter-claim Defendant, <br><br> v. <br><br> RICHARD SADDLER, <br><br>  Defendant/Counter-claim Plaintiff, <br><br> RICHARD SADDLER <br><br>  Third-party Plaintiff <br><br> v. <br><br> DRIVETIME AUTOMOTIVE GROUP, INC., a Delaware Corporation, SILVERROCK GROUP, INC., a Delaware Corporation, and CARVANA, LLC, an Arizona Limited Liability Company, <br><br>  Third-party Defendants. | Civil Action No. 4:21-cv-01096-JCH |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Pursuant to Local Rule 4.01, Bridgecrest Acceptance Corporation ("Bridgecrest"), DriveTime Automotive Group, Inc. ("DriveTime"), SilverRock Group, Inc. ("SilverRock"), and, Carvana, LLC ("Carvana") (collectively, the "Corporate Parties"), state as follows for their Memorandum of Law in Support of Their Motion to Remand:[1]

---

[1] The removing party, Richard Saddler ("Saddler"), incorrectly identifies the states of incorporation/formation for DriveTime, SilverRock, and Carvana, respectively. Both DriveTime and SilverRock are non-operating holding corporations incorporated under the laws of Delaware. Similarly, Carvana is an Arizona limited liability company.

### I.     INTRODUCTION

The Notice of Removal (Doc. 1), Saddler filed in this Court on September 2, 2021, is his latest attempt to avoid arbitrating his claims. This Court previously compelled the claims Saddler attempts to assert in his purported Answer to Plaintiff's Petition and Defendant/Third Party Plaintiff's Counter Complaint (the "Counter-complaint") (Doc. 5) to arbitration, as detailed *infra*. Unfortunately, even a cursory review of Saddler's Notice of Removal makes clear that this Court does not possesses subject matter jurisdiction to hear this matter. Further, Saddler's Notice of Removal is not timely, and, therefore, is due for remand pursuant to 28 U.S.C. § 1446(b). In short, this matter must be remanded to the Circuit Court for St. Louis County, Missouri, where the Corporate Parties intend to seek an order compelling Saddler's claims to arbitration once again.

### II.    RELEVANT FACTS AND PROCEDURE

Since Saddler's claims are now before this Court for the third time, a brief explanation of the relevant facts and procedure of this case is warranted.

#### A.   Saddler's Previous Lawsuits.

Saddler initially sued Carvana in the Circuit Court for St. Louis County, Missouri on May 13, 2019 (the "First Action") via a Verified Petition, which Carvana removed to this Court in proceedings styled *Saddler v. Carvana, LLC*, No. 4:19-cv-01646-HEA, United States District Court for the Eastern District of Missouri. (Not. Removal, First Action Doc. 1; Ver. Pet., First Action Doc. 1-1).[2] Saddler's Verified Petition in the First Action stated two causes of action, and Carvana removed it to this Court after Saddler demanded $500,000.00 to resolve his claims. (Not.

---

[2] The Corporate Parties note that the Court is permitted to take judicial notice of docket entries and filings both from state court and this District. *See, e.g.*, *Williams v. Roper*, No. 4:13-CV-2440 CAS, 2016 U.S. Dist. LEXIS 108286, at *11 ("The Court further notes that it may take judicial notice of the docket entries and filings from state court and this District.") (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) ("[W]e may take judicial notice of judicial opinions and public records[.]")

Removal, First Action Doc. 1, ¶ 12; Fist Action Doc. 1-2).  Later, Saddler stipulated in open court in the First Action that he was not seeking in excess of $75,000.00 in damages and this Court remanded.  (Order, First Action Doc. 22; Jun. 18, 2019, Tr., First Action Doc. 23, 7:1–8:7, 10:2–11:3).  Saddler then voluntarily dismissed the First Action.

Saddler refiled his claims on December 23, 2019, asserting the same two causes of action and adding an additional five (5) counts to his Petition seeking compensatory and punitive damages and attorneys' fees (the "Second Action") in proceedings styled in this court as *Saddler v. Carvana, LLC*, No. 4:20-cv-00105-HEA, United Sates District Court for the Eastern District of Missouri.  (Not. Removal, Second Action Doc. 1, ¶ 11).  Counsel for Carvana conferred with Saddler regarding the amount in controversy, and Saddler refused to stipulate that he was not seeking in excess of $75,000.00 in damages.  (Id. at ¶¶ 12-14).

Accordingly, Carvana properly removed the Second Action matter to this Court on January 22, 2020, based on diversity jurisdiction.  (*See generally* id.)  After removal, Carvana moved to compel Plaintiff's claims to arbitration pursuant to a valid, enforceable arbitration agreement between the parties.  (Mot.& Mem., Second Action Docs. 7, 8).  Saddler objected to the jurisdiction of this Court and opposed Carvana's efforts to compel arbitration.  *Saddler v. Carvana*, 2020 U.S. Dist. LEXIS 143276, at *1-3 (E.D. Mo. Aug. 11, 2020).  After finding that diversity jurisdiction existed, this Court "conclude[d] that [Saddler's] position is not credible in light of the weight of evidence contrary to his statements." *Id.* at *9.  The Court then compelled the matter to arbitration and dismissed Saddler's action, holding that *this entire controversy* would be resolved by arbitration. *Id.* at *9-10.

3

**B. The Instant Action, Saddler's Notice Of Removal, And Arbitration Proceedings.**

After this Court compelled Saddler's claims to arbitration, Saddler failed to take any steps to institute arbitration proceedings as provided for in the relevant Arbitration Agreement, and, eventually, Bridgecrest instituted the instant action in Missouri state court in proceedings styled *Bridgecrest Acceptance Corporation v. Saddler*, Case No. 21SL-CC01705, St. Louis County, Missouri Circuit Court on April 15, 2021, seeking damages for Saddler's breach of the Retail Installment Contract ("RIC") between Carvana and Saddler.[3]  (State Court File, Doc. 1-12, pp. 1, 10-21).  Bridgecrest served Saddler with a summons and the Petition on May 20, 2021.  (Id. at p. 2).  By this time, Saddler also instituted JAMS arbitration proceedings against Carvana on or about May 12, 2021, styled *Saddler v. Carvana, LLC*, JAMS Ref. No. 1440007303 (the "Arbitration"), asserting the same purported causes of actions Saddler attempts to plead in his Counter-complaint. (Doc. 5).  Saddler then filed his Notice of Removal to this Court on September 2, 2021, pursuant to 28 U.S.C. § 1446, one hundred five (105) days after being served with Bridgecrest's initial Petition in this case.  (Not. Removal, Doc. 1, ¶¶ 19, 21).  After removing this action to this Court, Saddler requested that the Arbitration be stayed pending this litigation, which the Arbitrator denied.  (Arb. Order No. 2, attached as **Exhibit 1**).

### III.   ARGUMENT AND AUTHORITY

The Court must remand this matter to the Circuit Court for St. Louis County, Missouri.  In fact, remand is appropriate even though the Corporate Parties would prefer that this matter be resolved by this Court since it would efficiently and expediently resolve Saddler's claims by compelling them to arbitration.[4]  However, remand is required because: (i) removal jurisdiction

---

[3] Bridgecrest is often, although not always, the entity pursuing parties in default of Carvana's RICs.

[4] Indeed, the Corporate Parties prefer this Court hear Saddler's claims as it would certainly quickly compel them to the Arbitration just as it did in the Second Action. Further, the Corporate Parties would also prefer this Court make

4

cannot be founded upon Saddler's purported counterclaims; (ii) this Court does not possess subject matter jurisdiction over this dispute; and (iii) Saddler's Notice of Removal untimely.

### A. Subject Matter Jurisdiction And Removal Pursuant To 28 U.S.C. § 1446(b).

"Generally, a federal court's jurisdiction, including the amount in controversy, is measured at the time of filing, or, for a removed case, at the time of removal." *Addison v. Simpler Postage, Inc.*, No. 4:18-cv-00980-AGF, 2018 U.S. Dist. LEXIS 132452, at *5 (E.D. Mo. Aug. 7, 2018) (citing *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011)). "It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." *Rolwing v. NRM Corp.*, No. 1:05CV81 FRB, 2005 U.S. Dist. LEXIS 26189, at *8 (E.D. Mo. Aug. 2, 2005). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

Of course, the federal courts are courts of limited jurisdiction, and jurisdiction will only lie where a question of federal law exists or complete diversity of the parties exists and the matter in controversy exceeds $75,000.00. *E.g.*, *White v. UPS*, No. 4:11CV00707 AGF, 2012 U.S. Dist. LEXIS 31280, at *5 (E.D. Mo. Mar. 8, 2012) (citing *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic*, 551 F.3d 812, 816 (8th Cir. 2009). Federal question jurisdiction will only exist when the initial, "well-pleaded complaint" establishes, on its face, that federal law creates its cause of action or that its right to relief necessarily depends on the resolution of a substantial question of federal law. *E.g.*, *Davis v. Union Nat'l Life Ins. Co.*, No. 4:18-cv-01600-PLC, 2019 U.S. Dist.

---

the determination whether Saddler is needlessly multiplying litigation via his removal. However, since subject matter jurisdiction is lacking, this Court does not have the power to hear such matters and is compelled to remand it to the Missouri state court. *Accord Franke v. Franke*, No. 4:17-cv-2734 NAB, 2018 U.S. Dist. LEXIS 5613, at *3 (E.D. Mo. Jan. 12, 2018) ("This case was not removable, therefore, the Court has no authority to transfer this case where the Court lacks subject matter jurisdiction[.]"). The Corporate Parties want to be clear that they are preserving, and not waiving in any way, their rights to arbitrate Saddler's claims.

LEXIS 60141, at *7 (E.D. Mo. Apr. 8, 2019) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate."  *White v. Verzola*, No. 4:20-cv-00295-RLW, 2020 U.S. Dist. LEXIS 128273, at *12 (E.D. Mo. Jul. 21, 2020) (quoting *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005)).

> **B. Saddler's Notice Of Removal Fails To Establish Subject Matter Jurisdiction Since Counterclaims Cannot Provide The Basis For Removal Jurisdiction.**

This Court must remand this matter back to the Circuit Court for St. Louis County, Missouri as it lacks subject matter jurisdiction to hear this matter.  It is well settled that counterclaims, even those that properly assert federal questions, cannot serve as the basis for jurisdiction pursuant to 28 U.S.C. § 1331.  *McClymonds v. Brandle*, 171 F. Supp. 457, 457 (E.D. Mo. 1959); *Napus Fed. Credit Union v. Campbell*, No. 4:10CV1403MLM, 2010 U.S. Dist. LEXIS 92810, at *8 (E.D. Mo. Sept. 7, 2010) ("[C]ounterclaims, even if made under federal law, do not support removal based on federal subject matter jurisdiction.") (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 830-32 (2002)).  Likewise, a counterclaim cannot serve to satisfy diversity jurisdiction's amount in controversy requirement.  *See Central Assoc'd. Carriers v. Nickleberry*, 995 F. Supp. 1031, 1034-37 (W.D. Mo. 1998).

Here, remand is required since Saddler's Counter-complaint cannot serve as the basis for subject matter jurisdiction.  The Notice of Removal incorrectly asserts that his Counter-complaint vests this Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  (Not. Rem., Doc. 1, ¶¶ 15-18).[5]  However, this conflicts with the well-pleaded complaint rule, which precludes this Court from exercising federal question jurisdiction here.  *See, e.g.*, *Arrow Fin. Servs., LLC v.*

---

[5] Saddler also makes a passing reference to exceeding diversity jurisdiction's $75,000 amount in controversy requirement without further comment.  (Not. Rem., Doc. 1, ¶ 18).

6

*Williams*, No. 10-3416-CV-S-DW, 2011 U.S. Dist. LEXIS 156370, at **8-9 (W.D. Mo. Jan. 20, 2011) (jurisdiction precluded because "[c]ounterclaims . . . cannot create federal jurisdiction") (citing *Holmes Grp.*, 535 U.S. at 832). Put simply, Saddler's Counter-complaint cannot serve as the basis for subject matter jurisdiction in this Court, which should grant the Corporate Parties' Motion to Remand.

### C. Even Assuming *Arguendo* That Counterclaims Could Establish Federal Question Jurisdiction, Saddler's Notice Of Removal Does Not Present Any Action Arising Under The Constitution, Laws, Or Treaties Of The United States.

Next, the Court is obligated to remand this matter because no subject matter jurisdiction exists, regardless of the procedural deficiencies contained in the Notice of Removal. *E.g.*, *Black v. Bayer Corp.*, No. 4:17-cv-01333-JCH, 2017 U.S. Dist. LEXIS 92268, at * (E.D. Mo. Jun. 15, 2017) ("A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction.") (citing 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3)). Indeed, even if Saddler could establish subject matter jurisdiction via his Counter-complaint—which he cannot—this Court still lacks subject matter jurisdiction over this matter because that Counter-complaint fails to state any cause of action "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. Saddler attempts to support his claim that federal question jurisdiction exists via a purported claim for "[f]raud in the [i]nducement which has been pled pursuant to Federal Rule of Civil Procedure Rule (9) (b) [sic]." (Not. Rem., Doc. 1, ¶ 17). Of course, the substantive law of the states governs claims for common law fraud. *E.g.*, *Holmberg v. Morrisette*, 800 F.2d 205, 211 ("Because the elements of common-law fraud are a matter of state substantive law, we look to the law of Minnesota."). Stated another way, claims for common law fraud do not "[arise] under the Constitution, law, or treaties of the United States."[6] As such,

---

[6] As the Court is well aware, Federal Rule of Civil Procedure 9(b) is a heightened pleading standard, which requires plaintiffs to plead the circumstances constituting fraud with particularity. *E.g.*, *Herbst v. Ressler & Assocs.*, No. 4:13-

Saddler's common law fraud counterclaim cannot serve to establish federal question subject matter jurisdiction over this matter. The Court should grant the Corporate Parties' Motion and remand this matter to the Missouri state court.

**D.  Saddler's Notice Of Removal Was Untimely And Remand Is Appropriate.**

Finally, even if Saddler could remove this matter—which he cannot—and the Court possessed subject matter jurisdiction—which it does not—remand is warranted because his Notice of Removal was untimely. The federal removal statutes require the removing party to file a notice of removal within thirty (30) days after its receipt, through service or otherwise, of the initial pleading setting forth the claim for relief upon which action or proceeding is based. 28 U.S.C. 1446(b)(1). Failure to timely file a notice of removal within that timeframe is cause to remand the matter to state court. *See, e.g.*, *Short v. Lukacs*, No. 4:06CV448 JCH, 2006 U.S. Dist. LEXIS 32153, at *6 (E.D. Mo. May 11, 2006) ("Thus, because Defendants filed their notice of removal thirty-one days after receiving Plaintiffs' complaint, their notice of removal was untimely, and remand is proper.") (citing *Daniel v. United Wisconsin Life Ins. Co.*, 84 F. Supp. 2d 1353, 1357 (M.D. Ala. 2000)). Here, Saddler filed his Notice of Removal one hundred five (105) days after being served with Bridgecrest's initial Petition, well past 28 U.S.C. § 1446's thirty-day requirement.[7] (State Court File, Doc. 1-12, p. 2). Saddler's untimely Notice of Removal cannot serve as the basis for removal and this Court can, and should, grant the Motion and remand to the state court.

---

cv-2327 CAS, 2014 U.S. Dist. LEXIS 117093, at *17 (E.D. Mo. Aug. 22, 2014). Rule 9(b) does not establish any separate standalone claim for fraud sufficient to satisfy federal question subject matter jurisdiction.

[7] Thirty (30) days after Saddler received the Petition was Saturday, June 19, 2021. Accordingly, his deadline to file the Notice of Removal pursuant to 28 U.S.C. § 1446(b) rolled to Monday, June 21, 2020.

8

### E. The Court Should Assess The Just Costs and Actual Expenses The Corporate Parties' Incurred As A Result Of Removal Against Saddler Pursuant To 28 U.S.C. § 1447(c).

In light of Saddler's pattern and practice of needlessly multiplying these proceedings, and having established that Saddler improperly removed this case (months too late) without any colorable basis to do so, an assessment of the Corporate Parties' fees and costs in prosecuting this Motion is appropriate. The federal remand statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Ident Corp. of America v. Wendt*, 638 F. Supp. 116, 118 n.2 (E.D. Mo. 1986) (awarding costs pursuant to 28 U.S.C. § 1447(c) when the case "was removed improvidently"). The decision to award costs and fees under Section 1447 is discretionary. *State ex rel Nixon v. Nextel West Corp.*, 248 F. Supp. 2d 885, 894 (E.D. Mo. 2003). "In general, a district court may award attorney's fees where the removing party had no "objectively reasonable basis" for removal." *Wexberg v. RBS Citizens Bank, N.A.*, No. 4:15-cv-01777-JCH, 2016 U.S. Dist. LEXIS 20077, at *8 (E.D. Mo. Feb. 19, 2016) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "A party lacks an 'objectively reasonable' basis for removal where the relevant case law forecloses the removing party's basis for removal." *Mid-America Freigh Logistics, LLC v. Walters Trucking, Inc.*, No. 4:17cv1762 SNLJ, 2017 U.S. Dist. LEXIS 174908, at *5 (E.D. Mo. Oct. 23, 2017) (citing *Napus*, 2010 U.S. Dist. LEXIS 92810, at **13-14).

No objectively reasonable basis exists supporting Saddler's removal of this matter to this Court, and an award of fees and expenses against Saddler is appropriate and warranted. In *Napus*, this Court assessed fees and expenses pursuant to Section 1447(c) when "the law which establishes that this court does not have jurisdiction is explicit and directly on point, and there [was] absolutely no legal basis" for the removal. 2010 U.S. Dist. LEXIS 92810, at *14; *see also Been v.*

9

*Kliethermes*, No. 4:19-cv-2931-SNLJ, 2020 U.S. Dist. LEXIS 75128, at *8-9 (E.D. Mo. Apr. 29, 2020). Likewise, an award of fees and costs was proper in *Mid-America Freight* because "the great weight of authority foreclosed defendant's argument for removal." 2017 U.S. Dist. LEXIS 174908, at *5. These cases are analogous to the circumstances presently before this Court. As argued above, Saddler makes no credible argument supporting federal subject matter jurisdiction, and the great weight of authority holds that the basis for removal must be in the initial well-pleaded complaint. Counterclaims cannot establish such jurisdiction. This Court properly described removal tactics such as these as "spurious" in *Napus* when awarding fees under 28 U.S.C. § 1447(c). Finally, the letter of 28 U.S.C. § 1446(b) explicitly states that a notice of removal must be filed within thirty (30) days of receipt of the initial pleading. Saddler's extensive delay in filing his Notice of Removal—seventy three (73) days too late—further support an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447.

## IV.     CONCLUSION

In sum, remand of this matter to the Circuit Court for St. Louis County, Missouri is required as this Court lacks subject matter jurisdiction. Even if that jurisdiction existed, Saddler's Counter-complaint cannot serve as the basis thereof, and he filed his Notice of Removal months after the deadline to do so. For all of these reasons, the Court should grant the Corporate Parties' Motion, remand this matter to state court for further proceedings, and assess the just costs and actual expenses, including attorney's fees, they incurred as a result of the removal against Saddler.

This 29th day of September, 2021.  Respectfully submitted,

/s/ William A. Brasher            .
William A. Brasher (Mo. Bar #30155)
**BOYLE BRASHER LLC**
1010 Market Street, Ste. 950
St. Louis, Missouri 63104
Phone: (314) 621-770
Facsimile: (314) 621-1088
wbrasher@boylebrasher.com

and

Christopher W. Cardwell (Mo. Bar # 49583)
M. Thomas McFarland (*pro hac vice*
forthcoming), #033432 (TN)
**GULLETT SANFORD ROBINSON &
MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Phone: (615) 244-4994
Facsimile: (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Counsel for Bridgecrest Acceptance
Corporation, Carvana, LLC, SilverRock Group,
Inc., and DriveTime Automotive Group, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 29, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served by mail are as follows:

Richard Saddler
413 Genoa Drive
Manchester, MO 63021


                                                  /s/ William A. Brasher          .