# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION AT ST. LOUIS

| | |
|---|---|
| BRIDGECREST ACCEPTANCE CORPORATION, an Arizona Corporation, ) ) ) | |
| Plaintiff/Counter-claim Defendant, ) ) | |
| v. ) ) | Civil Action No. 4:21-cv-01096-JCH |
| RICHARD SADDLER, ) ) ) | |
| Defendant/Counter-claim Plaintiff, ) ) | |
| RICHARD SADDLER ) ) ) | |
| Third-party Plaintiff ) ) | |
| v. ) ) | |
| DRIVETIME AUTOMOTIVE GROUP, INC., a Delaware Corporation, SILVERROCK GROUP, INC., a Delaware Corporation, and CARVANA, LLC, an Arizona Limited Liability Company, ) ) ) ) ) ) ) ) | |
| Third-party Defendants. ) ) | |

## RESPONSE IN OPPOSITION TO RICHARD SADDLER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE

Bridgecrest Acceptance Corporation ("Bridgecrest"), DriveTime Automotive Group, Inc. ("DriveTime"), SilverRock Group, Inc. ("SilverRock"), and, Carvana, LLC ("Carvana") (collectively, the "Corporate Parties"), by and through undersigned counsel, states as follows for its Response in Opposition to Richard Saddler's Memorandum of Points and Authorities in Support of Motion to Vacate, filed on November 15, 2021 (the "Filing"):

858921.1/020190644

I.      **INTRODUCTION**

The Corporate Parties file this Response out of an abundance of caution because the Filing, despite being docketed as a "Response" to the Corporate Parties' Motion to Remand (Doc. 8), states that it is "in support of a Motion to Vacate pursuant to F.R.Civ.P.60." (Doc. 17, p. 1).[1] The Filing, while difficult to discern, seeks relief from this Court's August 11, 2020, Order entered in *Saddler v. Carvana*, No. 4:20CV105 HEA, 2020 U.S. Dist. LEXIS 143276 (E.D. Mo. Aug. 11, 2020) (the "Arbitration Order").[2] However, Saddler is not entitled to any relief from the Arbitration Order pursuant to Rule 60 or otherwise.

II.     **RELEVANT FACTS AND PROCEDURE**[3]

On September 2, 2021, Saddler purported to remove this litigation to this Court by filing a Notice of Removal. (Not. Removal, Doc. 1). Saddler's Notice of Removal also purported to name DriveTime, SilverRock, and Carvana as third-party defendants. (Id.) Saddler filed the Notice of Removal one hundred five (105) days after being served with Bridgecrest's initial Petition in this case. (Id. at ¶¶ 19, 21). On September 29, 2021, the Corporate Parties filed their Motion to Remand and supporting Memorandum of Law. (Mot. Remand, Doc. 8; Mem. Law, Doc. 9). Remand is proper in this case because: (i) Saddler's Counter-complaint cannot serve as the basis for removal jurisdiction: (ii) Saddler fails to establish any federal question subject matter jurisdiction pursuant to 28 U.S.C. 1331; and (iii) the Notice of Removal was untimely. (Mem. Law, Doc. 9, pp. 4–8). On October 14, 2021, the Court, *sua sponte*, granted Saddler an extension

---

[1] The Corporate Parties note that Saddler has not filed any accompanying motion to vacate pursuant to E.D. Mo. L.R. 4.01.

[2] The Arbitration Order compelled Saddler's claims—the same claims he attempts to assert here—to arbitration, is pending and being administered by JAMS in *Saddler v. Carvana*, JAMS Ref. No. 1440007303.

[3] The Corporate Parties detailed the procedural history of Saddler's claims being compelled to arbitration and still coming before this Court in their Memorandum of Law in Support of Motion to Remand. (Doc. 9, pp. 2-3). For the sake of brevity, the Corporate Parties only restate facts relevant to consideration of the instant Filing.

to November 15, 2021, to file a response to the Corporate Parties' Motion to Remand.  (Order, Doc. 13).  Saddler then filed the subject Filing on November 15, 2021.  (Doc. 17).  Although the Filing does not respond, in any way, to the arguments presented in the Corporate Parties' Motion to Remand, the Clerk recognized it as the response mandated in the October 14, 2021, Order and docketed it as such.  (Id.)

### III.     ARGUMENT AND AUTHORITY

While Saddler's position in the Filing is less than clear, it appears that he seeks relief from the Arbitration Order due to some alleged—but entirely unsupported—claim of fraud, which he fails to support.  Saddler is not entitled to any relief under Rule 60 as he brought the filing more than one year after entry of the Arbitration Order.

#### A. Federal Rule of Civil Procedure 60 Relief From Judgments Or Orders.

Federal Rule of Civil Procedure 60 provides that a District Court may relieve a party from a final judgment, order, or proceeding for: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud, misrepresentation, or misconduct; (iv) a void judgment; (v) satisfaction, release, or discharge of the judgment; or (vi) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60 motions must be made within "a reasonable time" and, if based upon reasons (i)–(iii) above, within one year of the entry of the order.  Fed. R. Civ. P. 60(c)(1).  "Relief under Rule 60(b) is limited.  A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." *Pointer v. Home Depot, USA, Inc.*, No. 4:04-CV-1031 CAS, 2005 U.S. Dist. LEXIS 25723, at *4 (E.D. Mo. Oct. 28, 2005) (quoting *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997)).  Rule 60 motions are viewed with disfavor and are committed to the sound discretion of the District Court.  *Id.*  They are "not a

3

vehicle for simple reargument on the merits." *Id.* (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)).

### B. Saddler Is Not Entitled To Any Relief Pursuant To Rule 60(b)(1)–(3).

Saddler is not entitled to any relief under Rule 60(b)(1)–(3) as the Filing was not made within one year after the Arbitration Order. On its face, Saddler's Filing seeks relief pursuant to Rule 60(b)(3) in that it argues the Arbitration Order was somehow procured by fraud. (Doc. 17, ¶ 52). "Motions pursuant to Rule 60(b)(1), (2), and (3) must be brought 'no more than a year after the entry of the judgment or order or the date of the proceeding." *Box v. Ferrell*, No. 1:00CV0014 LMB, 2014 U.S. Dist. LEXIS 12087, at *5 (E.D. Mo. Jan. 31, 2014) (quoting Fed. R. Civ. P. 60(c)(1)). This Court entered the Arbitration Order on August 11, 2020—in a separate proceeding—and Saddler filed the Filing on November 15, 2021. To the extent the Filing seeks affirmative relief under Rule 60, it is untimely and must be denied.

### C. Saddler Is Not Entitled To Any Relief Pursuant To Rule 60(b)(6).

Similarly, Saddler is not entitled to relief from the Arbitration Order pursuant to Federal Rule of Civil Procedure 60(b)(6). As detailed in Section III(B), Saddler bases his Filing on amorphous allegations of fraud. Possibly recognizing that he is outside Rule 60(c)(1)'s one-year time period, Saddler asserts that Rule 60(b)(6)'s "catch-all" provision is available to him. (Doc. 17, ¶ 40(B)). However, "[t]he provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under one of the more specific subsections of Rule 60(b)(1)–(5), the reason will not justify relief under the catch-all provision of 60(b)(6)." *Box*, 2014 U.S. Dist. LEXIS 12087, at *5 (citing *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 n.11 (1988)). Saddler cannot couch his Filing in terms of Rule 60(b)(6) to circumvent its one-year strictures. As such, to the extent the Filing seeks affirmative relief from the Arbitration Order, it must be denied.

## IV.     CONCLUSION

In sum, rather than respond to the Corporate Parties' Motion to Remand—as directed by this Court's October 14, 2021, Order—Saddler's Filing improperly seeks relief from the Arbitration Order entered in an entirely different proceeding by this Court in August 2020. For the reasons detailed herein and in its Motion and Memorandum to Remand, this Court should deny whatever affirmative relief Saddler seeks, remand this case back to the Circuit Court for St. Louis County, Missouri, and award the Corporate Parties any such other, further, and general relief it deems just and proper.

This 29th day of November, 2021.            Respectfully submitted,


*s/ M. Thomas McFarland*
William A. Brasher (Mo. Bar #30155)
**BOYLE BRASHER LLC**
1010 Market Street, Ste. 950
St. Louis, Missouri 63104
Phone: (314) 621-770
Facsimile: (314) 621-1088
wbrasher@boylebrasher.com

and

Christopher W. Cardwell (Mo. Bar # 49583)
M. Thomas McFarland (*pro hac vice* #033432 (TN)
**GULLETT SANFORD ROBINSON & MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
Phone: (615) 244-4994
Facsimile: (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Counsel for Bridgecrest Acceptance Corporation, Carvana, LLC, SilverRock Group, Inc., and DriveTime Automotive Group, Inc.*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 29, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Richard Saddler
413 Genoa Drive
Manchester, MO 63021

                                                                 *s/ M. Thomas McFarland*